## William Dyson v. Alanson Sheley and others.

In order that premises may be exempt as a homestead under our Constitution and laws, they must have been set apart as a home, and for the purposes of the owner and his family.

Where the owner of a city lot built a double house upon it, in such a way as to show that he designed it for the use of two families, and not for one and leased one part of it, occupying the other part himself, it was held that he could not claim the whole as exempt from execution as a homestead.

The fact that the yard of the part leased was used by the owner in common with the tenant would not vary the case.

*Submitted July 17th. Decided October 14th.*

DYSON v. SHELEY.

Appeal in Chancery from Wayne Circuit. The facts sufficiently appear by the opinion.

*T. Romeyn*, for complainant, referred to *Wetz v. Beard*, 12 *Ohio St.* 431; *Phelps v. Rooney*, 9 *Wis.* 70; *Walters v. People*, 18 *Ill.* 197, and 21 *Ill.* 178; *Kitchell v. Burgivin*, 21 *Ill.* 40.

*Maynard & Meddaugh*, for defendants.

CAMPBELL J. :

The bill in this cause was filed to restrain the sale on execution of certain premises claimed as a homestead.

It appears that complainant owns a lot with a double house upon it, in the city of Detroit. The levy was made upon one half of this lot, and the part of the house upon that half, occupied by a tenant under a lease. Complainant occupied the other portion of the house. The yard in the rear was not fenced off between the houses, but was left open. The penstock used by both was in the middle of the lot. A double privy used by both was upon the east side of the premises, being the portion levied on. The house was divided equally, except as to an unfinished garret in the rear, which was not divided, and was used, if at all, by complainant. The entire premises are by some witnesses valued at more than $1,500, and by some at less.

Under our Constitution and laws a homestead, in order to be exempt, must be *" owned and occupied "* by a citizen of this State. This language clearly implies that the premises must have been set apart as a home, and for the purposes of the owner or his family. It is not necessary in the case before us to inquire whether land thus set apart may or may not be leased temporarily, nor whether, if all the land claimed is covered by a dwelling used by the family, separate stories over or under their

DYSON v. SHELEY.

domicil may not be used or rented for other purposes. The cases deciding these points, to which reference was made on the argument, are not applicable to the case before us. Here the complainant built upon his lot in such a way as to show he designed it for two families, and not for one. The portion levied on has been leased for several years. It is plain that this portion could never have been properly regarded as a homestead. The law does not exempt property to the amount of $1,500, whether designed as a homestead or not. It merely covers so much as comes within that designation, although worth but a trifle. Its object is to preserve the home, and no more.

The fact that the yard is used in common can not exempt the whole of it in favor of complainant. It is designed as much for the benefit of the rented portion of the dwelling as of the remainder. There is no evidence to the contrary; and such must be presumed from the whole case. The tenant is in actual occupancy of the east half of the entire premises, and if complainant has any rights there at all, they are not of such a character as to show that as to that portion of the premises they predominate over those of the tenant, or that the latter holds a mere easement. The bill was properly dismissed, and the decree below must be affirmed, with costs.

MARTIN CH. J. and MANNING J. concurred.

CHRISTIANCY J. did not hear this case.