# JANUARY TERM, 1869, AT LANSING.

## Polly Ring v. Della Burt et. al.

*Married women: Disability of.* The statutes of this state, securing to a married woman her separate property, have, as to such property, removed her common law disability, and given her all the powers of a *femme sole.* But those statutes have no application to interests the wife may have in the property of the husband, and as to such interests the common law disability remains, except as it is expressly removed by other statutes.

*Homestead right: Widow not deprived of by contract or deed of husband.* A widow is not bound by a verbal contract, made by her husband, in his life time, by which his homestead was to be conveyed to a third person, in consideration of the support of himself and wife during their life time. And this is so, even though she assented to the contract, and the husband gave a deed in accordance with it, but which was not executed by her.

*Homestead right: Waiver of.* A married woman can only waive her homestead right in the manner provided by the statute: that is, by joining with her husband in a deed or mortgage of the land.

*Homestead: Setting off in equity.* Where a widow is entitled to a homestead, in forty acres of land, which are worth more than $1,500, her proper remedy is by bill in equity, to have a homestead of the proper value set off.

*Heard and decided January 9th.*

Appeal in Chancery from Clinton Circuit.

It appeared that Ira Ring, husband of complainant, owned the premises in question, and that he occupied the same as his homestead with the complainant, his wife, till the time of his death; that defendant, Daniel Burt, Della Burt (his wife, and daughter of complainant) and their children also lived with them; that said Ira Ring owned no other lands, and the premises were worth over $1,600.

Testimony was introduced, under objection, tending to show that said Ira Ring had entered into a verbal agreement with said Daniel Burt, by the terms of which the said Daniel was to move upon the said premises, take charge of the farm, and of the old gentleman and his wife, during their life, and after their death he was to have the farm and any surplus of the personal property; that said Burt went to reside with them upon said premises, and entered upon the performance of the same with knowledge and consent of the complainant, and so continued until his death.

That subsequently, and a short time previous to his death, said Ira Ring, with the knowledge of complainant, delivered to his daughter, said Della Burt, a deed of the premises, duly executed, but not signed by his wife. The deed was dated and acknowledged October 9, 1865 — about eight months before this — but it was not recorded until some six days after the death of said Ira.

It further appeared that the said Ira Ring made his will, dated some three weeks previous to his death, devising said premises to said Della after the death of his said wife; which will was duly proven.

There was also testimony tending to show that defendant had offered to take care of complainant after the death of her husband, but that she refused.

She also introduced testimony tending to show that defendants treated her cruelly, and ordered her to leave the premises after her husband's death.

The bill was dismissed, without prejudice.

*Spaulding & Cranson*, for complainant.

1. The devise of the premises to defendant, Della Burt, after the death of complainant, who was the wife of the testator, vests a life estate in the complainant by implication. — *2 Bl. Comm. 309.*

2. Defendants can not prove any consideration, additional to that expressed in their deed.—*1 Johns. 139; 7 Id. 341.*

But if defendants can, in this case, prove a further consideration, they must rely on that set up in their answer. *11 Mich. 529; 1 Dan. Ch. Pr. 725, 726; 2 Id. 851*, and cases cited.

3. To constitute a homestead there must be ownership and occupation. In this case the ownership is not disputed.

As to the occupation:

*a.* Complainant and her husband had lived upon the land for many years, and if the character of a legal homestead had ceased, it must have been in consequence of the arrangement under which defendants came upon the premises. This was, that complainant and her husband should continue to hold and own the place, as long as either of them should live; and it would be aiding a gross fraud upon her, to make this contract amount to a waiver of the very right she sought to secure.

The provision of the constitution, which declares a husband's deed of a homestead void without the signature of his wife, can not be evaded in this way.—*11 Gray (Mass.) 216.*

*b.* The occupation need not be exclusive, and the party owning premises and living thereon, need not have the management and control of them; especially if such management and control be parted with, under an arrangement made for the express purpose of securing a home for the owner.

*c.* But in this case, Ira Ring did not part with such control. The parties lived together as one family, and he was the head of it. He paid the taxes up to the time of his death, and he and his wife continued to work on the place, as they always had done. Defendants' witness, Gates, says complainant told him that Burt and his wife had come to help take care of the place; and Della Burt says they,

the defendants, were not to have full possession of the premises, until the death of both Ira Ring and complainant.

4. There is nothing appearing which can be construed to amount to an assent, by the complainant, to the defendants' claim or estop her from disputing it.

*a.* Her assent to the arrangement under which defendants came upon the land, was not an assent to the deed, because the deed was made in pursuance of such arrangement, but is in conflict with, and repugnant to it.

*b.* She is not estopped from disputing the deed.

If this deed included a homestead, and it was not at the time of its execution contemplated that the wife should sign it, then such a conveyance as the law recognizes as valid was not intended, and complainant can not be estopped from setting up her right against an instrument which was never meant to bind her, and which was for that reason void in its inception. That it was not intended that complainant should sign the deed is conclusively shown by the fact that her name is not mentioned in it, nor does it in any way refer to her. There is no proof that she was ever requested to sign it, or that anything was ever said to her in relation to it.

The testimony does not connect complainant with the deed subsequent to its execution.

But the positive provision of the constitution can not be evaded by proof of loose statements of this kind, however clearly made out.

Where a waiver of a homestead exemption is claimed, the party asserting it must show it by affirmative and competent proof.— *7 Mich. 488.*

The law that no deed of a homestead shall be valid without the signature of the wife, is to be strictly construed.— *32 Cal. 117.*

The homestead can not be released, waived or discharged except in the manner expressly provided. — *2 Allen, 202; 6 Id. 404.*

5. The strongest reason that can be urged against granting the prayer of the bill, is that it appears in the proofs that complainant consented to an arrangement under which defendants were to live upon and work the land, and that she now seeks to repudiate it.

This objection is easily answered:

*a.* The complainant asks nothing inequitable, as against the defendants. The consideration for which they were to live upon the land, was that they were to own it after the death of Ira Ring and the complainant. This is secured to them by the will, and we do not seek to affect it in any way.

*b.* This is not such a contract as would be enforced against the complainant. She was a married woman, and it was not in relation to her separate property. Again, it was not mutual. There is nothing appearing in proof, which would have prevented the defendants from abandoning the place at any time.

*c.* The defendants have themselves repudiated it by claiming title under a deed which is inconsistent with it; and they have violated it by abusive treatment of the complainant, and ordering her to leave the premises, which amounts to an eviction.

*d.* The defendants can not avail themselves of this contract, for they have not set it up as a defense in their answer; but have denied it by charging one inconsistent with and repugnant to it.

6. The testimony shows that it was not the intention of any of the parties concerned, that defendants should have the title which they set up, but that their claim is an afterthought, arising after the death of Ira Ring.

*a.* This appears from the will, made long after the deed, and in strict conformity to the contract as proved.

*b.* By the fact that no such claim is shown to have been made during the life of Ira Ring, and that the deed was not recorded until his death.

7. If the complainant can not have the relief prayed for, she is deprived of her homestead, without her consent, and is left wholly without remedy.

a. If the defendants own the land by virtue of their deed, they can at any time mortgage or sell it to whom they please.

b. If complainant has waived her homestead rights, she has waived her right of dower as well.

She claims an undetermined portion of the premises, and can not recover such portion in an action of ejectment; but requires the aid of a Court of Equity to ascertain and set it off to her.

*Strickland & Stout,* for defendants.

1. The bill in this case was filed for the purpose of having the land therein described, declared to have been under the laws of this state the homestead of one Ira Ring at the time of his death, and complainant, his widow, entitled to the possession of the same.

If the land in question had been owned and occupied by the said Ira Ring at the time of his death, as a homestead under the laws of this state, and complainant, as his widow, entitled to the possession of the same, she has a full and complete remedy at law.—*Har. Mich. 1; 9 Mich. 45; 12 Id. 22.*

The evidence in the case clearly shows that the defendants entered into the possession of the land in question by virtue of an arrangement or agreement, by and between them, the said Ira Ring and complainant, several years before the death of the said Ira Ring; that defendants remained in possession of the same until the death of said Ira Ring, and still continue in possession.

The arrangement was that the defendants should support and take care of the said Ira Ring and complainant during life, and have the land for so doing.

That said Ira Ring carried out the said agreement by conveying said land to Della Burt, one of these defendants.

This state of facts entirely precludes the idea of a homestead, as applied to the land in question.—*3 Mich. 448; 6 Id. 456; 10 Id. 291; 11 Id. 527.*

2. The arrangement or agreement of the parties named, had been so far executed by defendants going into possession and taking care of the said Ira Ring and complainant, for the time shown by the proof, that equity would enforce the agreement if no conveyance of the land had been executed.

If the complainant has the right to dower in the premises, she has a full and adequate remedy at law, to recover the same.—*6 Mich. 470.*

CHRISTIANCY J.

The deed of October 9, 1865, from Ira Ring to his daughter, Della Burt, without the signature of complainant, then his wife, was, both by the constitution and the statutes, void, as against the complainant's right to a homestead. See *Const. Art. 16, § 2; Comp. L. Ch. 132, §§ 1, 2.*

This is not denied so far as the question depends upon the deed *alone.* But defendant insists that the deed was made in consideration and pursuance of a verbal agreement between Ira Ring and complainant, then his wife, on the one side, and the defendants on the other, by which the defendants were to support and take care of said Ring and complainant, during their lives in case they should live with defendants on the place ; that the defendants went into possession under said deed, and that complainant and her husband continued to live with, and were supported by defendants till the death of said Ira, June 26, 1866, and that they were ready and willing to continue to support complainant according to the agreement, but that she left them of her own accord, etc.

Admitting this agreement, and its part performance, to be fully proved, and that the deed was made in pursuance of it, we are unable to perceive how it can, in any manner, affect the right of complainant to a homestead in the premises.

At common law, a married woman is incapable of entering into any binding contract affecting any right she may have in her husband's property, and the common law disability still continues in this state, except as it has been removed by statute. The statutes securing to her her separate property, have, as to such sole or separate property, removed the disability and given her all the powers of a *femme sole*.

But the right to a homestead in her husband's lands is no more in the nature of such sole property, than the right to dower; and there is a striking similarity between them, as to the question here involved. The only mode in which she can convey or encumber (or in any manner affect by contract) either of these rights during coverture, is by joining in a deed or mortgage with her husband, according to the statutes. Her agreement therefore, if made as claimed, was simply void. The defendants being in possession, and the forty acres of land with the dwelling house and improvements being admitted to be worth more than $1,500, this bill is the proper remedy for having the homestead ascertained and set off to her.— *Beecher v. Baldy, 7 Mich. 488.*

The decree of the court below dismissing the bill must be reversed with costs of both courts, and a decree must be entered in this court giving to her the right to a homestead to be ascertained and set off according to the prayer of the bill, and declaring the deed of Ira Ring to Della Burt, void and of no effect as against complainant's rights to such homestead. And the case must be remitted to the court below for such further proceedings as may be necessary to carry this decree into effect.

The other Justices concurred.