## GEORGE W. WOODWARD *et al. vs.* AUGUSTUS W. TILL.

When a lot in a village has been adopted as a homestead, it will not cease to be such by the owner temporarily vacating it in consequence of his house being destroyed by fire, nor though the dwelling house erected afterwards may include an apartment to be occupied as a store.

The Court may perpetually stay execution as against a homestead, because it is such.

*Bay Circuit, April,* 1870.

*J. W. McMath,* for Plaintiffs.

*G. M. Wilson, S. M. Green,* for Defendant.

Motion for perpetual stay of execution as against a certain lot claimed as a homestead, which has been levied on and advertised for sale.

In 1866 the defendant purchased a lot in the village of Portsmouth, and resided on it, with his family, until some time in 1867, when the house thereon was destroyed by fire. He has since lived in a rented house, on the opposite side of the street. Not being able to rebuild at once, his lot remained vacant and unoccupied until 1869, when he built another house, constructed for living in with his family, and to have a portion to occupy for a general store. The execution in question was levied on the lot on the 31st day of December, 1869. At that time the building was nearly completed. It could have been occupied, but on account of the delicate state of the defendant's wife, at that time, he did not commence to occupy until February, 1870. Since that time he has lived on that lot. He states, in his affidavit, that when he purchased the lot he intended it as a homestead, and has never abandoned that intention; that he

WOODWARD *et al. v.* TILL.

vacated it in consequence of the fire, and commenced to rebuild as soon as his circumstances would permit. He has not selected nor occupied any other premises as a homestead.

*By the Court*, SUTHERLAND, J.—Ownership and occupancy are all that is required in such a case to secure a right of homestead, and the defendant acquired such a right in this lot before the fire. 7 *Mich.*, 488. The absence of the defendant from the lot, and want of actual occupancy since the fire, are explained by that accident; and it appearing that no other homestead has been selected, that there has been an intention all along to rebuild on and occupy these premises, and to claim them as a homestead, the temporary interruption of the occupancy caused by the accidental necessity was not in fact, nor in law, an abandonment. He is entitled to be regarded as occupying in such sense as to presume the right of exemption. 16 *Mich.*, 76; *Id.*, 157; *Davis vs. Kelley*, 14 *Iowa*, 524; 12 *Ohio St.*, 431. The circumstance that the defendant proposes to use, or is using, a part of his house for a store, will not necessarily prevent the building being treated as his dwelling, and the lot as his homestead. If the facts essential to a homestead exist, they will establish the right. There is here the quantity, without selection or separation from other lands : the lot is within the constitutional limitations in respect to value, and the ownership and occupancy upon it as a place of residence. If consistently with these facts a portion of the premises, not separable from the rest, is used for a store, the exemption will embrace that portion, and such use will be no prejudice to the right of homestead. *Prior vs. Stone*, 19 *Texas*, 371; 18 *Ill.*, 19; 21 *Id.*, 40, 178; *Dyson vs. Sheley et al.*, 11 *Mich.*, 527.

As to the power of the Court to stay execution, see 16 *John.*, 4; 15 *Id.*, 395; 18 *Id.*, 505; 6 *Hill*, 247.

Motion granted.