## ADA DRAKE v. GEORGE W. KINSELL.

*Public records—Administrator's sale of homestead.*

Secondary evidence may be given of the contents of court records that have been lost or destroyed.

The statute for restoring lost records (Comp. L., §§ 6055-9) does not exclude secondary evidence of their contents, especially where the restoration is difficult.

The homestead exemption is not an exemption of the fee, but only of the land so long as it is occupied as a homestead; the land is assets when needed for the payment of demands against the estate.

Where land that is subject to a homestead right is sold to pay charges against the estate and brings no more than is needed for that purpose, it is not a fatal defect in the proceedings that

on receiving license to sell, the administrator gave no bond to account for surplus moneys.

It seems that the proviso in Comp. L., § 4596, that an administrator's sale of real estate shall not be avoided if it appears, among other things, that he gave a bond "in case a bond was required" means in case the judge of probate required it; this, however, is not decided.

A widow bought lands sold by her husband's administrator for the payment of debts, and afterwards sold and left it. *Held* that after the children became of age no one could raise the question of homestead against the validity of the administrator's sale.

Error to Eaton. Submitted Jan. 17. Decided Jan. 22.

EJECTMENT. Plaintiff brings error. The facts are stated

*Melville McGee* for plaintiff in error.

*M. V. & R. A. Montgomery* and *H. F. Pennington* for defendant in error. A homestead claim must be made by one who has the right (*Herschfeldt v. George*, 6 Mich., 468), and the right may be waived, *Chamberlain v. Lyell*, 3 Mich., 448.

COOLEY, J. The questions involved in this case relate to the validity of proceedings taken for the sale of lands belonging to the estate of Horace Fuller for the satisfaction of claims against the estate. The plaintiff is one of the heirs at law of Horace Fuller, and has purchased and received conveyances from the other heirs. The defendant claims the lands as grantee of the purchaser at administrator's sale. Several defects are pointed out in the administrator's proceedings, and it is claimed that the evidence introduced to prove the sale and the steps leading to it was incompetent.

The lands sold were situated in the county of Eaton, and the administration proceedings were had in that county and began in 1854. The record book of orders made by the court for the period covered by the administration, was not found. Ezra D. Burr was at that time judge of probate, and he produced a minute book

of short entries made by him of the following proceedings taken in relation to that estate:

Jan. 3, 1854. Petition for appointment of administrator, and order for hearing February 7, 1854. On the day last named hearing had and J. Gallery appointed administrator. Appraisers and commissioners also appointed. March 7, 1854, administrator returns inventory. Petition for license to sell real estate. Hearing ordered May 2, 1854, at 10 A. M. May 2, 1854, hearing had and administrator licensed to sell real estate. October 21, 1854, administrator's report of sale of real estate confirmed. Hearing for final settlement ordered Nov. 6, at 10 A. M. Nov. 6, 1854, hearing continued to Dec. 1, 1854. Jan. 2, 1855, administrator presents final report, and settled with.

Judge Burr was examined as a witness in the case and testified that all these proceedings took place and the orders were entered. There was also other evidence that the usual letters of administration were issued to Mr. Gallery, and that they were destroyed by fire. The original petition for license to sell was produced, and appears to have been in due form. It showed the existence of debts to the amount of $300, and estimated the charges of administration at $50. The personal property was stated to be $75.25, and the administrator prayed leave to sell the lands, valued at $750, to enable him to pay the debts and charges. A printed copy of the order for hearing on this petition, with proof of publication of the same, was produced in evidence, and also a printed notice of the sale with like proof of publication. It was also shown that the administrator took the oath required by the statute to be taken by him before making the sale. Comp. L., § 4566.

The evidence of Judge Burr and all other parol evidence was objected to. It was truly said that the probate court is a court of record, and it was insisted that proof of its proceedings must be made by record and not otherwise. If by this is meant that parol evidence is not to be given of the contents of a lost record, the position is so plainly untenable as to merit no attention. A rule of law that should make every man's rights depend

upon the preservation of records in their integrity, would be intolerable, because it would not only render losses by casualty irretrievable in many cases, but it would leave him at the mercy of any one interested in destroying the records, and sufficiently bold and reckless to make way with them. Such a state of the law would be a direct invitation to unscrupulous men to tamper with the public records.

But it is said, if parol evidence is receivable at the common law, the statute which provides for restoring lost files and records dispenses with the necessity of resorting to it, except for the purposes of that proceeding; and that the record must first be restored, and then proved by itself. It is true that the statute (Comp. L., §§ 6055-6059) makes full provisions for restoring lost records and files, and it is very proper to resort to it where the case is such that the benefit of its proceedings can be had. But we do not understand that this statute is imperative, and that it now points out the only method in which proof may be made of a lost or defective record. There are many cases in which a record may be satisfactorily proved, and yet might not be restored. To restore a record one must be in a position to supply copies of whatever may be lacking; and it often happens that this is impossible, though the substance is well known and easily provable. In this case the evidence of Judge Burr showed very clearly the substance of all the proceedings, but it is quite probable he might not have been able to give copies of some of the most important. The statute for the restoring lost files, etc., takes away no common law right, and alters no common law rule of evidence. It only provides a method by which lost record evidence may again be restored and perpetuated, wherever that is practicable. And it may be remarked that as parties interested are always entitled to notice of proceedings to restore lost records and files, this is peculiarly difficult in probate cases where the parties in interest are likely to be numerous, and not

always accessible or even known. The evidence of the proceedings in this case was very full and satisfactory. It remains to be seen whether any substantial defect is discoverable in them.

The statute (§ 4596) provides that an administrator's sale shall not be avoided at the instance of the heirs, provided it shall appear:

*First.* That the administrator was licensed to make the sale by the probate court having jurisdiction.

*Second.* That he gave a bond which was approved· by the judge of probate, in case a bond was required upon granting a license.

*Third.* That he took the oath required by the statute.

*Fourth.* That he gave notice of the time and place of sale, as by the statute is required.

*Fifth.* . That the premises were sold accordingly, and the sale confirmed, and that they are held by one who purchased them in good faith.

There is no ground for asserting that any of these requisites fail to appear except the second; and it is a question in this case whether or not any bond was required. It has been seen that the customary administrator's bond was given; but the statute provides that when the sale is for more than is necessary to pay debts, the administrator shall give bond before the sale, to account for the proceeds after the payment of debts and charges, and to dispose of the same according to law. No such bond appears to have been required by the judge in this case, and none was given. The argument that it was "required." depends upon the fact that in the petition the value of the lands was given at $750, and the debts and charges were estimated at $350 only. This, it is said, shows plainly that a sale was authorized of more than was necessary to pay the debts.

We are strongly inclined to the opinion that when the statute speaks of the bond as being "required," it intends a requirement by the judge of probate when granting the license; and that if none was directed by

him to be given, the failure to give one cannot be a fatal defect. But in this case it is not necessary to so hold.

The land in fact did not bring any more than was needed to pay debts and charges, and there is no reason to suppose it was expected to, or that the sale was authorized for any further purpose. The estimated value placed upon it is no indication that so much was expected to be realized from it, and as the land appears to have been subject to a homestead right, a sale much below the full value must have been anticipated.

The homestead right presents the last question for our consideration. It appears that at Mr. Fuller's death his family were left residing upon the land, and for that reason it is claimed it could not be sold for the payment of debts. But the statute does not exempt the fee in the land as a homestead; it exempts the land only while it is occupied as a homestead by the widow and minor children. Subject to the homestead right, therefore, the lands are assets when needed for the payment of demands against the estate. In this case the widow became the purchaser; and when she sold and left the land—if she did so, as we must infer from this record that she did— we do not see how any one was in position to raise the question of a homestead. We are not informed when the children came of age, but it clearly appears they were so when this suit was brought; and that is all it is important for us to know on that subject.

No error appears in the record, and the judgment must be affirmed with costs.

The other Justices concurred.