THE FIRST NATIONAL BANK OF CONSTANTINE v. CREBILLION JACOBS ET AL.

*Execution sale of premises including an unselected homestead.*

Execution was levied upon land in which the debtor did not designate his homestead. He afterward sold a portion of it, and this same parcel was afterward sold to satisfy the execution, and was bid in by the creditor. Ejectment by the execution purchaser was resisted by the debtor's grantee on the ground that the officer levying execution had not set off the homestead. *Held,* that the plaintiff in ejectment might show that the debtor, after selling what he had of the premises levied upon, had mortgaged the rest, and had referred to it in the mortgage as " that portion occupied by me as a homestead."

Where an owner of land exceeding in value the statutory homestead does not select his homestead, and, without the concurrence of his wife, deeds enough of the land to encroach upon his homestead right, and the parcel deeded is afterward sold under an execution previously levied upon the whole land, his own grantee cannot resist an action of ejectment, brought by the execution purchaser, on the ground that the execution sale covered premises belonging to the homestead, or that the deed to himself was not signed by his grantor's wife.

A grantee cannot set up and rely upon a homestead right which his grantor had not made specific for his own benefit.

The right of a wife and children to question a deed of the homestead will not be affected by the result of a suit in ejectment in which the wife is not made a party nor the children represented. .

Error to St. Joseph. (Pealer, J.) April 11.—April 18.

EJECTMENT. Defendants bring error. Affirmed.

*W. L. Stoughton* for appellants.

*H. H. Riley* and *D. E. Thomas* for appellee.

COOLEY, J. The question involved in this case is one of homestead exemption.

The plaintiff, in January, 1876, recovered a judgment in the circuit court for the county of St. Joseph against Hiram Jacobs and others, and immediately caused execution on said judgment to be levied on a parcel of land containing seventeen and 33–100 acres lying within the corporate limits of Sturgis, and then owned and occupied by Hiram Jacobs, who was a married man and lived upon it with his family. In March, 1877, and before anything had been done under the levy, Hiram Jacobs, by deed in which his wife does not seemed to have joined, conveyed all this land, except one 69–100 acres on which the dwelling-house was situated, to Orange Jacobs. The value of the whole parcel levied upon' was about two thousand six hundred dollars ; the value of the parcel not deeded to Orange Jacobs was about eight hundred dollars. Subsequent to the deed to Orange Jacobs the plaintiff proceeded to a sale under its levy, and the parcel conveyed to Orange Jacobs was sold and bid in by the plaintiff. The smaller parcel was not sold.

No redemption being made from this sale, the present suit was instituted to recover possession. Orange Jacobs is made defendant with others. The defense is that the execution sale was invalid, because the officer did not proceed to set off to Hiram Jacobs his statutory homestead, and exempt it from sale.

The statute exempts from forced sale on execution a homestead " to be selected by the owner thereof," not exceeding in value fifteen hundred dollars. Comp. L. §§ 6137, 6144. When a levy is made on the land of a householder whose homestead has not been selected, and set apart by metes and bounds, such householder may notify the officer at the time of making the levy, or at the time of advertising the sale, what he regards as his homestead, with a description thereof, and the remainder alone is to be subject

to sale under the levy. Comp. L. § 6139. Special provision is made for a case in which the homestead exceeds in value fifteen hundred dollars and is not susceptible of division. Comp. L. § 6144.

No evidence was given that Hiram Jacobs, either at the time of the levy, or at any other time before the sale, notified the officer of any selection by himself of a homestead. The plaintiff was permitted, against the objection of defendants, to show that in January, 1878, Hiram Jacobs gave a mortgage to one Packard of the land levied upon, "excepting that portion heretofore conveyed to Orange Jacobs by deed, hereby intending to cover only that portion occupied by me as a homestead." The object of this evidence was to show that Hiram Jacobs had selected as his homestead the small parcel not before deeded. This evidence was objected to as being of a transaction in which the plaintiff was not concerned; but as the selection of a homestead is to be made out by the acts of the party himself, we think it admissible.

The deed from Hiram Jacobs to Orange Jacobs, as is stated above, was not signed by the grantor's wife. The statute makes any alienation of the homestead void unless the wife is a party to it. Comp. L. § 6138. If a homestead had been distinctly selected before this deed was given, and had included any portion of the land so deeded, the deed, as to such portion, might have been invalid. But, as we have seen, such was not the case. The grantor owned and occupied a larger parcel of land than he could claim as a homestead, and until he saw fit to define what he would elect to exempt, no one could determine what part would be salable on execution and what not. The deed was certainly good as to some portion of the land, if not as to all, and Orange Jacobs, the grantee, could not set up and rely upon a homestead right of the grantor which he had not seen fit to make specific for himself. If it be suggested that the validity of the deed, as a conveyance of all the land described in it, might be questioned by members of the family of Hiram Jacobs, it is sufficient to say that any right of

theirs to question it is unimportant to this suit, for the wife of Hiram Jacobs is not a party to this suit, nor is any one who represents the rights of children. Their rights, then, if they have any, will not be affected by any recovery in this suit. It may be proper to remark, however, that the wife was a party to the mortgage to Packard.

The judgment in favor of the plaintiff appears to be without error, and it will be affirmed with costs.

The other Justices concurred.