In the Matter of the Estate of Celia Hardy, Deceased, Appeal of Honora Dalton from Commissioners on Claims.

*Evidence—Contrary statements made by witness—Parol proof of contents of lost paper.*

1. In a suit for work and labor, where the tendency of the testimony of a witness for the defense is to show that the services rendered were worth less than the price claimed therefor, it is competent to show that the witness has made statements tending to show otherwise.

2. Where the loss of a petition for the appointment of a guardian was sufficiently proved, evidence of its contents was properly admitted.

Appeal from Wayne. (Speed, J.) Argued January 7, 1886. Decided January 27, 1886. Affirmed. The facts are stated in the opinion.

*Edgar Weeks* for claimant.

The loss of the petition for appoinment of guardian was shown by a clerk in the probate office, and its contents then shown by the testimony of the attorney who drew the petition, and of the probate clerk who recorded it. This was the best evidence attainable: *Eslow v. Mitchell,* 26 Mich. 500 ; *Drake v. Kinsell,* 38 Mich. 234, 235 ; 1 Greenl. on Ev. § 509.

*George H. Prentis* for estate.

What Michael Hardy said, if anything, after the death of his daughter Celia about wishing to keep the girl, was in no

wise material to the issue being tried, and if claimant's counsel saw fit to ask him questions on cross-examination, which were thus immaterial to the issue, they were bound by his answers. A witness cannot be impeached by contradiction on collateral matters, nor contradicted on questions not admissible as direct evidence: *Fisher v. Hood*, 14 Mich. 189; *Hitchcock v. Burgett*, 38 Mich. 501; *Howard v. Patrick*, 43 Mich. 125, 126; *Hamilton v. People*, 46 Mich. 188; *Driscoll v. People*, 47 Mich. 417; *People v. Broughton*, 49 Mich. 340; a petition for the appointment of a guardian setting out the statutory facts, is an essential pre-requisite to action by the probate court, and if not produced it cannot be presumed to have had an existence, without clear proof of the fact: *Pratt v. Stewart*, 10 Mich. 260; *Hall v. Kellogg*, 16 Mich. 139; the testimony of the clerk in the probate office to a search among the probate files and his inability to find the petition did not lay a sufficient foundation for parol proof of its contents. The judge of probate was a witness in the case, but he had made no search and the loss was not attempted to be shown by him or the register of probate, who were the only custodians of the files of the probate court, and the only parties by whom the loss of the petition could be legally established: §§ 533, 537, 538 How. Stat.; in the absence of proper proof of such petition the order appointing a guardian was void, and the verdict should have been for the estate.

SHERWOOD, J. The record in this case shows that Celia Hardy died in the county of Wayne on the eighth day of April, 1882, leaving an estate in that county, and a last will; that Gilbert Hardy was duly appointed executor; and that commissioners were appointed to hear and allow claims against the estate.

It further appears that the plaintiff, as guardian of Mary Geehan, an incompetent person, presented a claim, for her ward, against the estate, to the commissioners for allowance.

The claim presented was for the personal services of the ward, rendered for the deceased in her lifetime, to the amount of $244.

The commissioners disallowed the claim, and the guardian took an appeal to the circuit court, where the cause was tried before a jury, and the plaintiff obtained a verdict for the sum

of $175, and judgment was rendered thereon.    The executor
brings error.

The record contains seven assignments of error; but two
questions, however, need our consideration.

Counsel for plaintiff offered testimony tending to prove,
upon the trial at the circuit, that Celia in her lifetime lived,
many years before her death, with her father, Michael Hardy;
that Celia owned some land, which her father worked for
her, and that she told Mrs. Dalton that she would give a dol-
lar per week for a girl who could help her father upon the
fields; and that Mrs. Dalton went with Michael, and secured
the Geehan girl to work for Miss Hardy, and that she worked
both in the house and in the fields; that the girl was 22 years
of age, and strong, and that her services were worth one dol-
lar per week and her board.

Michael Hardy was sworn upon the part of the defense, and
his testimony in chief was to the effect that the girl was to
work for her board and clothes; and the testimony on the
part of the estate tended to show that her services, though
she worked both in the house and upon the fields, were worth
no more.    On the cross-examination the claimant's counsel
asked whether, on a certain occasion, when Mrs. Baumgart-
ner came there to hire the girl, after Celia's death, he did not
say he could not get along without Mary; and the witness
answered " No."    He was also asked if he did not say to
Kate Dalton, on the same occasion, if he let Mary go he
would have to hire a man to do the work that Mary did; and
the witness answered " No."    Mrs. Baumgartner was called
by the plaintiff, and asked (on rebuttal, referring to the same
occasion):    " I want you to tell the jury just what the con-
versation was at that time on that subject?"    Counsel for the
estate objected to the question on the ground that it did not
tend to impeach Michael Hardy; that it was incompetent,
immaterial, and not rebutting.

We think the testimony was properly admitted. The ten-
dency of Hardy's testimony was to show the girl's services
worth less than was claimed for them, and it was proper to
show that the witness had made statements tending to show

otherwise; that her services were worth less was a part of the defense attempted in the case. The testimony was material, and, for the purpose offered, admissible.

The second question made by the estate was that Mrs. Dalton was not Mary's duly-appointed guardian; and this was sought to be shown on the introduction of the claimant's evidence of the proceedings had in the probate court showing her appointment.

It appears that the original petition for the appointment of a guardian was lost. We think the loss was sufficiently proved, and the evidence of its contents was properly admitted: *Drake v. Kinsell*, 38 Mich. 235; *Eslow v. Mitchell*, 26 Mich. 500; *Day v. Backus*, 31 Mich. 241; 1 Greenl. Ev. § 509.

We think the guardian's right to act in the premises must be held sufficient. The record does not purport to contain all the evidence in the case, nor all upon the points upon which the questions are raised. We think the testimony offered shows that the probate court obtained jurisdiction in the case, and that the errors assigned are not supported by the record.

The judgment at the circuit must be affirmed, with costs.

The other Justices concurred.