BOMAN *v.* WOLVERINE POWER CO.

1. HOMESTEAD—SELECTION BY WIDOW.
   The right of a widow to select her homestead is absolute and may not be impaired by a conveyance in which she does not join, nor may she be required to select portion of less desirable land not subject to litigation.

2. SAME—EXTENT.
   The owner is entitled to take for a homestead the property upon which the home is situated and not to exceed 40 acres of adjoining lands.

3. SAME—WAIVER OF WIFE'S RIGHT.
   No waiver of homestead right by the husband can affect a wife's interest therein.

4. SAME—EASEMENT—NON-SIGNING SURVIVOR.
   Conveyance of easement to perpetually flood homestead lands not signed by grantor's wife is not binding on her as survivor of her husband.

5. SAME—SIGNATURE OF BOTH HUSBAND AND WIFE ON CONVEYANCE.
   Purchaser of land which may be claimed as a homestead acts at his peril, if he fails to secure the signature of both husband and wife to conveyance.

6. APPEAL AND ERROR—MISJOINDER OF WIDOW AND ADMINISTRATRIX.
   Joinder of action of widow, as administratrix of estate of deceased husband who had given defendant perpetual easement of flooding lands, to her individual suit for damage to said lands selected by her as homestead since husband's death *held,* not prejudicial error, where there was no plea of misjoinder, proof was entirely directed to showing damage to plaintiff in her individual capacity and charge to jury limited recovery to damages occurring after husband's death.

7. SAME—MISJOINDER—CORRECTION.
   Correction of misjoinder of parties may be made in accordance with 3 Comp. Laws 1929, § 14021.

8. SAME—PLEADING—CORRECTION.

    In action for damages to widow's homestead lands permission granted plaintiff to file proper reply after attention had been called to her failure to specifically deny allegations in defendant's answer setting forth deed from husband signed by him only, conveying easement to flood lands *held*, not prejudicial error, where deed itself was introduced in evidence (Court Rule No. 24 [1931]).

9. SAME—CHARGE TO JURY.

    Objections to excerpts of charge *held*, without merit, where charge to jury appears to properly limit issues when read in its entirety.

Appeal from Midland; Hart (Ray), J. Submitted April 19, 1934. (Docket No. 32, Calendar No. 37,630.) Decided June 21, 1934.

Case by Josephine Boman, as widow and as administratrix of the estate of George W. Boman, deceased, against Wolverine Power Company, a corporation, and Frank I. Wixom, receiver, for damage caused by floods due to construction of a dam. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Leibrand & Leibrand,* for plaintiff.

*Manchester & Rice,* for defendant Wolverine Power Co.

*John C. Shaffer,* for defendant Wixom, receiver.

BUTZEL, J. George W. Boman, for many years prior to his death, was the owner of fractional lots 7 and 8, section 11, town 16 north, range 1 west, Midland county, Michigan. On April 30, 1924, for a consideration of $250, Boman, together with his wife, plaintiff herein, gave to defendant Wolverine Power Company a warranty deed conveying:

"The meandered and riparian rights to the river frontage of fractional lots 7 and 8 of section 11, town 16 north of range 1 west, in Midland county, State of Michigan, that is to say, the right to raise the low water level of the Tittabawassee River in front of said fractional lots 7 and 8, town and county aforesaid, to a height that will not injure said lands for farming purposes, except at freshet time. Reserving to ourselves and to our heirs, successors and assigns, forever, the right of access to the river at all times for the purpose of watering stock, boating, or any other privilege that we are now possessed of. The intention of this deed being to sell only the right to raise the water level as above mentioned, together with all and singular the hereditaments and appurtenances belonging to or in any wise appertaining."

Defendant secured the deed because it intended to erect a dam at the village of Sanford, in Midland county, which would raise the water in the Tittabawassee river alongside the Boman farm. The testimony shows that after the construction of the dam, the water evidently overflowed the Boman farm, beyond the limitations expressed in the deed. Subsequently, on February 1, 1927, by a deed not signed or acknowledged by plaintiff, Boman conveyed to defendant for a consideration of $150 the right of flowage or riparian rights over the lands, including the right to perpetually overflow or saturate such lands by the construction and maintenance of an artificial dam, as had already been constructed across the Tittabawassee river. Boman and plaintiff, his wife, continued to occupy the farm until the former's death on or about April 27, 1929. Mrs. Boman was appointed administratrix of the estate, and also elected, in a proper proceeding, to take as her homestead the 40 acres bordering on the Tittabawassee river. The house and outbuildings were

located on the property so selected. The entire farm consisted of lot 8, containing 53.80 acres, and lot 7 with 27.40 acres, or a total slightly over 80 acres. The farm itself was somewhat in the form of a triangle, and the part selected by Mrs. Boman was in similar form, bordering on a section road on the north. The 40 acres not selected by her also fronted a section road on the north, and in addition, one on the west. Had she so elected, she could have selected 40 acres, including the buildings, so that very little, if any of it, would have adjoined the river. However, Mrs. Boman's selection of the 40 acres adjoining the river gave her land which, according to the testimony, was far more desirable on account of its arability than the remaining property, which was of a light soil not as suitable for agricultural purposes.

Both as administratrix of her husband's estate, and in her own right as owner of the land selected by her for her homestead land, Mrs. Boman subsequently brought suit against defendant, and its receiver, for damages caused by the overflow of water resulting from the construction of the dam. She recovered a judgment for $755, entered on a jury's verdict.

We limit our discussion to the questions raised on appeal. Defendants claim that plaintiff is not entitled to any damages whatsoever; that the second instrument, signed solely by George W. Boman, settled all controversy as to the extent of defendants' right to an easement in the property in question, and that the consideration paid by the company in connection with the conveyances was accepted in full payment and satisfaction of all damages. The question is also raised whether, under the circumstances, plaintiff should not have selected 40 acres in a different part of the farm, and thus avoided the litiga-

tion. While we are not unimpressed with defendants' claims, nevertheless, the right to select a homestead is absolute, guaranteed by the Constitution of the State, and the right of a wife to such property may not be lessened or impaired by a deed of conveyance in which she does not join. *Ring* v. *Burt,* 17 Mich. 465 (97 Am. Dec. 200); *Gadsby* v. *Monroe,* 115 Mich. 282; *Sammon* v. *Wood,* 107 Mich. 506; *Allen* v. *Crane,* 152 Mich. 380 (16 L. R. A. [N. S.] 947). The owner is entitled to take for a homestead the property upon which the home is situated, and any adjoining land, not to exceed 40 acres. In *Riggs* v. *Sterling,* 60 Mich. 643 (1 Am. St. Rep. 554), the court said:

"The homestead exemption, as established by the Constitution and laws of this State, is not alone for the husband, and his protection, but for the benefit of the wife and children as well. Const. art. 16, §§ 2, 3, 4 (1850); How. Stat. chap. 267; *People* v. *Plumsted,* 2 Mich. 465, 471; *Beecher* v. *Baldy,* 7 Mich. 488; *Dye* v. *Mann,* 10 Mich. 291, 297; *King* v. *Moore,* 10 Mich. 538; *Snyder* v. *People,* 26 Mich. 106, 110 (12 Am. Rep. 302); *Comstock* v. *Comstock,* 27 Mich. 97; *Showers* v. *Robinson,* 43 Mich. 502; *Sherrid* v. *Southwick,* 43 Mich. 515; *Penniman* v. *Perce,* 9 Mich. 509; *Dyson* v. *Sheley,* 11 Mich. 527.

"The homestead exemption, as it now exists, is not only a privilege conferred (*Chamberlain* v. *Lyell,* 3 Mich. 448, 458), but, under the Constitution, it is an absolute right. 'It was intended to secure against creditors a home, and, to a certain extent, the means of support, to every family in the State.' *Dye* v. *Mann, supra,* 297; *McKee* v. *Wilcox,* 11 Mich. 358 (83 Am. Dec. 743). * * *

"When such homestead, in amount within the constitutional limit, is once established by such election, selection, and occupancy, the Constitution is a positive prohibition against levy and sale by the own-

er's creditors, unless it exceed $1,500 in value: *Beecher* v. *Baldy, supra; Drake* v. *Kinsell,* 38 Mich. 232. * * *

"No waiver of the homestead right by the husband can affect a wife's interest therein: *Beecher* v. *Baldy, supra,* 506; *Williams* v. *Starr,* 5 Wis. 534; *Ring* v. *Burt,* 17 Mich. 465 (97 Am. Dec. 200); *First National Bank of Constantine* v. *Jacobs,* 50 Mich. 340; neither can the abandonment or waiver of the homestead right or homestead by one entitled to enjoy the same affect the interest of any other equally entitled thereto: *Showers* v. *Robinson, supra,* 513; *Griffin* v. *Johnson,* 37 Mich. 87, 92; *Allen* v. *Shields,* 72 N. C. 504."

The language employed in the first deed expressly limited the easement granted to defendant power company. Plaintiff did not join in the second instrument, by which her husband attempted to convey an unrestricted easement to the company in perpetuity, and she was therefore not bound by that deed. Notwithstanding defendants' contention that it is unjust to ask them to pay again for something they claim to have once bargained and paid for, we have no right to depart from an absolute rule of law. When a purchaser seeks to acquire title to land which may be claimed as a homestead, he acts at his peril if he fails to secure the signature of both husband and wife. The rights in the homestead are not lost to the survivor of husband and wife, who did not sign the instrument of conveyance. We do not believe that any estoppel has been shown, or such acquiescence as to bar plaintiff from asserting her rights.

There is some question as to the propriety of plaintiff's bringing suit as administratrix as well as in her own right. However, there was no plea of misjoinder and the proofs were all directed to show-

ing the loss and damage to plaintiff in her individual capacity as owner of the homestead lands selected by her subsequent to her husband's death.

The judge charged the jury as follows:

"After Mr. Boman's death, which occurred in April, 1929, Mrs. Boman, the plaintiff in this case, had her homestead assigned to her, which was the east 40 acres of fractional lots 7 and 8, and bordered upon the river. This instrument would not affect her homestead rights after he died. That is, after the death of George Boman, and if, after a fair and careful consideration of all the evidence in the case you find that the land has really been damaged and was injured by water in question, except, as I have told you, the lowest five acres of the Boman flats as stated in the request, you will render the plaintiff such damages as you think she is entitled to, taking into consideration all the elements that have been allowed to go-to you, and taking into consideration your own view of the premises, which you have seen at the request of the attorneys involved in the case and using your judgment, based upon the evidence entirely, if any damages have been proven.    *    *    *

"But, if you find that it has actually damaged the crops and depreciated the value of the land since his, Mr. Boman's death, you may allow her such amount as from all the evidence in the case, you can determine is reasonable and proper, taking into consideration the value of the crops she has been deprived of, if any, for farming purposes, caused by the water raised by the dam of the Wolverine Power Company—that is the value of the land for farming purposes, caused by the raising of the water of the defendant company and since the water was raised."

We believe that this correctly defined the issue, and that the description of plaintiff as administratrix of her husband's estate in no way affected the result. The charge limited the damages to those

occurring after the death of plaintiff's husband. Had defendants objected to plaintiff's suing both as administratrix of her husband's estate and in her own right, the correction could have been made in accordance with 3 Comp. Laws 1929, § 14021.

Error is also claimed on the ground that the trial judge gave plaintiff the right to file a proper reply after attention had been called to her failure to specifically deny the allegations in defendants' answer setting forth the instrument of February 1, 1927, in accordance with Court Rule No. 24 (1931). The defendants were not prejudiced thereby, for the deed showing the consideration was introduced in evidence, and defendants were not precluded from submitting further testimony, nor was the result affected in any manner. Defendants failed to secure the signature of the grantor's wife to the deed, and must suffer the consequence.

Further objections are made to short excerpts from the charge, but when it is read in its entirety, the issues appear to be properly limited, and the verdict is substantiated by the testimony.

Judgment is affirmed, with costs to plaintiff.

Nelson Sharpe, C. J., and Potter, North, 'Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.