# STATE OF MICHIGAN

# COURT OF APPEALS

XHEZMI KODRA,

     Plaintiff-Appellant,

v

STONEY CREEK VILLAGE APARTMENTS, LLC,

     Defendant-Appellee.

UNPUBLISHED
November 16, 2017

No. 333392
Macomb Circuit Court
LC No. 2015-001421-NO

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

In this slip-and-fall action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (10). We affirm.

On February 11, 2015, around 6:20 p.m., plaintiff left his apartment building, which was owned by defendant, to go to work. When plaintiff stepped on a concrete sidewalk outside of his apartment, he slipped and fell on ice and broke his arm. Plaintiff brought an action against defendant alleging premises liability and violation of defendant's statutory duties under MCL 554.139(1). Defendant moved for summary disposition, contending that (1) the ice on the sidewalk was open and obvious with no special aspects and (2) the sidewalk was fit for its intended use. In a written opinion and order, the trial court found that the ice on defendant's premises "was open and obvious with no special aspects," and that, although the sidewalk was not fit for its intended use under MCL 554.139(1)(a) because of the ice, there was no genuine question of material fact that defendant did not have actual or constructive notice of the condition. Based on these findings, the trial court held that defendant was entitled to summary disposition as a matter of law.[1]

On appeal, plaintiff does not contest the trial court's ruling that the allegedly dangerous condition was open and obvious with no special aspects. Rather, plaintiff only argues that the trial court erred by granting summary disposition because there was a question of fact as to

---

[1] The trial court also noted that, because the area that plaintiff slipped on was a sidewalk, MCL 554.139(1)(b) was inapplicable as it did not apply to common areas.

-1-

whether defendant had notice of the ice that plaintiff slipped on. We disagree. "We review de novo a trial court's grant of summary disposition." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(10) is proper if "the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is . . . entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 116; 839 NW2d 223 (2013).[2]

Initially, we note that defendant does not challenge whether the trial court correctly held that the sidewalk was not fit for his intended use. Instead, both parties limit argument to whether there is a question of fact regarding defendant's notice of the ice on the sidewalk. Neither party contests that there is a notice requirement for liability to arise under MCL 554.139(1)(a). Therefore, we limit our discussion to the issue raised by the parties, see *Boman v Wolverine Power Co*, 268 Mich 59, 62; 255 NW 613 (1934) ("We limit our discussion to the questions raised on appeal."), and only address whether defendant had notice of the allegedly dangerous condition.[3]

We begin by addressing plaintiff's argument that the trial court should have focused on the unevenness of the concrete slabs on the sidewalk that plaintiff slipped on when determining whether defendant had notice of the hazard. Plaintiff's argument lacks merit because the slabs, standing alone, were not the allegedly dangerous condition. During his deposition, plaintiff

---

[2] Although the trial court granted summary disposition pursuant to MCR 2.116(C)(8) and (10), the portion of the trial court's ruling that plaintiff challenges was granted pursuant to MCR 2.116(C)(10).

[3] We acknowledge the dissent's criticism of our opinion, but we reiterate that this issue was not raised or briefed by the parties. See *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 83; 600 NW2d 348 (1999) (declining to address an issue "without the benefit of briefing from both sides" because doing so would force the panel to "construct and then evaluate [its] own 'arguments.' "). And while we agree with the dissent that there is no published caselaw requiring a notice requirement for MCL 554.139(1)(a) to apply, there is unpublished caselaw to that effect. See *Anderson v Saddle Creek Apartments, LLC*, unpublished opinion per curiam of the Court of Appeals, issued March 23, 2010 (Docket No. 289952), p 7; *Dover v Westchester Ltd Dividend Housing Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued April 25, 2006 (Docket No. 258654), pp 3-4. The *Dover* panel explicitly stated, "We note that the lack of notice in this case renders inapplicable this Court's recent decision in *Benton v Dart Properties, Inc*, [270 Mich App 437; 715 NW2d 335] (2006) . . . ." *Dover*, unpub op at 4 n 1. "Although unpublished opinions of this Court are not binding precedent, they may be considered instructive or persuasive." *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 137; 892 NW2d 33 (2016).

testified that he slipped as soon as he stepped on the concrete sidewalk and indicated that the concrete had a slight slant. When asked again whether the uneven concrete contributed to his fall, plaintiff responded, "I don't know that. Just ice." Plaintiff admitted that he did not trip or stub his toe on any surface, explaining that he "slipped on ice." Plaintiff presented no evidence to create a genuine issue of material fact regarding whether the uneven concrete slabs alone would have constituted a dangerous condition. The trial court thus did not err by considering the ice as the dangerous condition.

Turning to the crux of plaintiff's challenge on appeal, notice of a dangerous condition may be shown by actual knowledge of the condition, showing that the condition "is of such a character or has existed a sufficient length of time that he should have had knowledge of it," *Lowrey*, 500 Mich at 10 (quotation marks and citation omitted), or showing that the condition "was caused by defendant's active negligence," *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 706; 644 NW2d 779 (2002).

Plaintiff did not allege at trial or on appeal that the condition was caused by defendant's active negligence. See *id*. Concerning actual knowledge, plaintiff testified that, although he was looking at the sidewalk as he walked, he did not see the ice until he was lying on top of it. Further, there is no testimony that anyone had complained to defendant about ice existing on the sidewalk on the date of plaintiff's fall, or that anyone had complained that the particular area of the sidewalk where plaintiff fell had a tendency to accumulate ice. Accordingly, plaintiff presented no evidence that defendant had actual knowledge of the defective nature of the sidewalk before plaintiff's fall.

Plaintiff also failed to establish that the condition was of a character or existed for a sufficient length of time that defendant had constructive notice. Evidence of general wintry conditions, such as "an affidavit from a meteorologist who claims that weather conditions in the area before the accident were such that snow melted and then froze again," is insufficient to establish that a defendant had constructive notice of a specific condition. *Altairi v Alhaj*, 235 Mich App 626, 640; 599 NW2d 537 (1999).

In this case, plaintiff claims that the ice would have formed either the day before or hours before his fall on the basis of a meteorologist's affidavit, in which the meteorologist claimed that that weather conditions before the accident were such that snow melted the day before the accident and then froze again on the day of the accident. The meteorologist concluded that the meteorological facts indicated that defendant had ample time to discover and remove the ice before plaintiff encountered it. The meteorologist's conclusions are the type of conjecture regarding constructive notice that this Court has previously rejected as sufficient to withstand a motion for summary disposition. See *id*.; see also *Karbel v Comerica Bank*, 247 Mich App 90, 97-98; 635 NW2d 69 (2001) ("A conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference.") (Citation and quotation marks omitted). Accordingly, plaintiff is not entitled to relief because he failed to offer evidence sufficient to demonstrate a question of fact regarding defendant's actual or constructive notice of the condition.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron