ALBERT ROBINSON v. LOTTIE G. BAKER ET AL.

*Homestead exemption—Partition—Widow's rights.*

|  |  |
|---|---|
| 47 | 619 |
| 109 | 240 |
| 47 | 619 |
| 119 | 463 |
| 47 | 619 |
| 124 | 153 |
| 124 | 154 |
| 124 | 251 |

The constitutional and statutory exemption of a homestead from forced sale for the satisfaction of the debts of the owner, and from being conveyed or mortgaged by the owner, if a married man, without the concurrence of his wife, and which extends the protection for the benefit of a widow and minor children after the owner's death, does not preclude proceedings for partition as between the heirs at law or their assignees.

In making such partition where there is a homestead and also other lands, if there is a widow with a right of dower, she should have her dower and homestead right saved to her in the homestead land whenever it can be done consistently with justice.

Appeal from Van Buren. Submitted January 20. Decided January 25.

BILL for partition. Defendants appeal. Affirmed.

*C. A. Harrison* and *E. R. Annable* for complainant. It is said that the homestead right cannot be partitioned against the widow's objection on the application of co-heirs of the husband: Freeman on Co-tenancy § 60; *Nicholas v.*

*Purczell* 21 Ia. 265 ; *Dodds v. Dodds* 26 Ia. 311 ; *Hoffman v. Neuhaus* 30 Tex. 633; *Doane v. Doane* 33 Vt. 652; *Day v. Adams* 42 Vt. 517 ; *Estate of Delaney* 37 Cal. 180 ; but in Iowa the survivor may elect to retain the homestead in lieu of all other shares in decedent's estate : *Smith v. Zuckmeyer* 53 Ia. 14; in Vermont and California the widow takes the fee in the homestead : Thomp. Homesteads §§ 586, 513 ; for another rule, see *Turner v. Bennett* 70 Ill. 263; *Eggleston v. Eggleston* 72 Ill. 24; *Sontag v. Schmisseur* 76 Ill. 541; *Fight v. Holt* 80 Ill. 84.

*Mills & Hilton* for defendants. In Michigan and Massachusetts the widow is entitled to both dower and homestead : *Wallace v. Harris* 32 Mich. 380 ; *Showers v. Robinson* 43 Mich. 502; *Monk v. Capen* 5 Allen 147; *Mercier v. Chace* 11 Allen 194; *Silloway v. Brown* 12 Allen 32; and in Michigan a childless widow has the rents and profits during widowhood unless she owns the homestead : Const. Art. xvi. sec. 4; *Dei v. Habel* 41 Mich. 88.

COOLEY, J. The bill in this case is for a partition of lands. The lands consist of a quarter section in Van Buren county, and of two village lots in the village of Paw Paw. On June 13, 1871, John R. Baker died the owner of these lands, leaving Lottie G. Baker, his widow, and three children surviving him. The complainant has purchased the interest of one of the children; the other two are minors, and reside with the widow on one of the village lots, which was occupied by John R. Baker as a homestead at the time of his decease, and has been occupied as a homestead by the widow and minor children ever since. No question of title is made in the case, but the defendants resist partition on the ground that the homestead is exempt from any forced alienation or partition before the youngest of the children reaches majority. The circuit court made a decree that one-third in value of the three parcels be set off to the widow for her life-time as her dower, and that the remaining two-thirds be equally partitioned between complainant and the two infant defendants. The decree also named commissioners to make

the partition. From this decree the defendants have appealed.

As it does not appear to be denied that complainant is entitled to have partition of all the lands except the homestead, and as the proceeding had not so far progressed as to show that the homestead itself would be partitioned or the possession of the widow and infant heirs disturbed, the question may well be made whether defendants have not been premature in their appeal. But as the question whether the homestead is to be considered at all in the partition proceedings is fairly before us, on the present appeal, we shall not be out of the record if we dispose of all the questions which the facts can present.

The questions are new in this State, and our statutes are not sufficiently identical with those to be found elsewhere to make the adjudications of other courts of much assistance.

The Constitution contains the following provisions respecting homesteads:

"Every homestead of not exceeding forty acres of land, and the dwelling-house thereon, and the appurtenances to be selected by the owner thereof, and not included in any town plat, city, or village; or instead thereof, at the option of the owner, any lot in any city, village, or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling-house thereon, and its appurtenances, owned and occupied by any resident of the State, not exceeding in value $1500, shall be exempt from forced sale on execution or any other final process from a court, for any debt contracted after the adoption of this Constitution. Such exemption shall not extend to any mortgage thereon, lawfully obtained : but such mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same.

"The homestead of a family, after the death of the owner thereof, shall be exempt from the payment of his debts contracted after the adoption of this Constitution, in all cases, during the minority of his children.

"If the owner of a homestead die, leaving a widow but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during the time of her widowhood, unless she be the owner of a homestead in her own right." Const. art. 16, §§ 2, 3, 4.

The statutory provisions, so far as their purpose is to declare and define the right, are substantially in the words of the Constitution. They provide somewhat for special cases, and give directions for setting off a homestead when a levy has been made before the homestead has been defined, and also for protecting an interest to the extent of $1500, when the homestead levied upon exceeds in value that sum. Other special cases are also mentioned. Comp. L., 1871, ch. 193.

These provisions it is manifest are strictly exemption provisions, and their purpose is to except a homestead not exceeding in value $1500 from the operation of certain rules of law which govern in respect to property in general. Such a homestead shall not be subject to forced sale to satisfy the debts of the owner in his life-time, nor after his death so long as his widow and minor children, or the widow alone if childless, shall occupy the same. Neither shall it be conveyed or mortgaged by the owner, if a married man, without the concurrance of his wife in the act. *Fisher v. Meister* 24 Mich. 447; *Sherrid v. Southwick* 43 Mich. 515. In other respects the general law respecting the management, control and disposition of property apply. The homestead right under these provisions is peculiar. It is not strictly an estate; it is merely a right to enjoy the interest of the possessor, or of the deceased husband or ancestor, as against creditors who would take it away, or as against the grantee or mortgagee of a married owner whose wife was not in due form consenting to his deed. *Dye v. Mann* 10 Mich. 291; *Phillips v. Stauch* 20 Mich. 369; *Comstock v. Comstock* 27 Mich. 97; *Stevenson v. Jackson* 40 Mich. 702. A conveyance cannot be coerced on the basis of a contract made by the husband alone which the wife refuses to perform; *Ring v. Burt* 17 Mich. 465; but he may terminate the exemption by ceasing to occupy the land as a homestead; *Bunker v. Paquette* 37 Mich. 79; *Lamore v. Frisbie* 42 Mich. 186; it may be waived by not claiming it in a suit to enforce some inconsistent right; *Matson v. Melchor* 42 Mich. 477; the widow may deprive herself of it by marry-

ing again; *Bissell v. Taylor* 41 Mich. 702; or by uniting with the administrator in a mortgage to pay the debts of the deceased husband; *Griffin v. Johnson* 37 Mich. 87; and it has been a mooted and somewhat troublesome question whether the land to which the homestead right attaches may not be sold by the administrator of the deceased owner subject to the right of occupancy in the widow and minor children. *Drake v. Kinsell* 38 Mich. 232. It is settled that if a sale is made under regular license it is at least not void. *Showers v. Robinson* 43 Mich. 502.

But it is nowhere said or intimated in the statute that the widow, or the widow and minor children, may hold land as a homestead to the exclusion of children claiming rights therein as heirs at law. It may be urged that the general purpose to preserve the homestead for family occupation would be inconsistent with partition; but the general purpose as we gather it from the statute and the Constitution is merely to preserve it for family occupation as against any sale for debts, or any sale by the married owner without his wife's concurrence. Whether the Legislature would have gone further and forbidden the dismemberment of the homestead in partition proceedings if those proceedings had been called to mind, we cannot know, nor would it be material for us to inquire if we could know. It is enough that the case must be governed by the written law, and that the written law fails to provide for the protection the defendants claim. If, however, the question were what law ought to be made, and not merely what law has been made, many reasons might occur to the Legislature for declining to forbid a partition among the heirs. In some cases, where the family of a deceased owner do not remain together as one family, a partition would simply make of one homestead two or more, thereby giving all some advantage from it, instead of leaving it to be wholly appropriated by a part. In some cases partition may be the only way of preventing gross injustice to minor children. Such a case might exist if a widow were to be left with minor children, a part of them her own and a part the children of her husband by a

former wife; for in such a case she would be under no legal obligation to support the step-children, while except as members of her family the homestead laws would fail to provide for them.    Other cases equally troublesome might occur to the legislative department if the laws on the subject were to be revised with a view to an extension of their provisions. But until they are extended, we cannot give to the defendants the protection they now claim.

The defendant Lottie G. Baker has a dower right in the land as well as a homestead right, and it would be proper in case of partition to give her the benefit of both these rights in the village lots if she desires it and the value is sufficient. *Showers v. Robinson* 43 Mich. 502.    The homestead should not be severed unless justice requires it.

These views find support in *Turner v. Bennett* 70 Ill. 263, decided under statutory provisions very similar to those existing in this State.

The decree must be affirmed with costs.

The other Justices concurred.