In the Matter of the Estate of William Smith, Deceased.

*Will—Bequest of personalty to widow—If accepted, the will stands as to other bequests—How. Stat. §§ 5824-5, construed.*

A widow claiming a legacy bequeathed to her in her husband's will, in lieu of dower, with the residue of his estate to his children, is not entitled to share in his personal estate, as by intestacy.

Error to Wayne. (Jennison, J.) Argued February 4, 1886. Decided February 17, 1886.

John L. Smith appealed from an order of the probate court of Wayne county, allowing his father's widow one half of the residue of his personal estate, which order was reversed and the claimant brings error. Affirmed, but without costs.

*Charles B. Lothrop,* for appellant:

There are only two points in this case.
1. Whether the sum of $1,000 bequeathed in lieu of dower, is such an interest in the personal property as debars the widow from the benefits of the statute on her accepting it, and

2. Whether the statute [How. Stat. §§ 5824-5] is applicable to wills executed before its passage, but becoming operative after it took effect.

These questions are of great importance as there probably will be many wills hereafter probated which were executed before this statute was passed.   As this statute seems to be the pioneer as regards limiting a husband's power of disposition of his personal property by will, there has been no adjudication bearing directly on these points.

The first question was not relied on in the argument in the circuit, but it was tacitly admitted that, if the statute applied, the judgment of the probate court was correct.

, Indeed, it seems to me that this money can scarcely be termed an interest in the personal property; it is merely an offer by testator of a sum of money in exchange for something that the widow was as much the owner of as any personal chattel belonging to her.   She could take it or leave it, as she saw fit, and had she not relinquished her dower she would not have been entitled to the money, and it would seem as though the statute meant an absolute and unqualified bequest, not one dependent on relinquishment of a right.   Suppose this had been given her in lieu of any particular chattel that she owned absolutely, surely this would be no interest in the personal estate.   She did not take this as a legatee, but as a purchaser.   In some states it is held that she becomes a creditor who is preferred to others; but in this State she stands on the same footing with other creditors: *Tracy v. Murray*, 44 Mich. 110; but nowhere has she been considered a mere legatee, and the statute clearly contemplates an election between an absolute legacy and the right given by the statute.

Indeed, this construction only places the widow just where she would be if she renounced the sum and took her dower.   She would have her dower, presumably of equal value with the money, and also her interest in the personalty.   Nor would it prejudice the heirs, as the dower interest by the election passes to them, and the statute should be given a beneficial construction, otherwise, in this case at least, its proposed bounty would prove of no value and the widow would be deprived of all the benefits proposed to be given by its terms, while she would gain nothing, but simply receive, in a different form, what she was already the owner of.

The language of the statute is general and broad enough to include all wills, whether made before or after its passage.

The general rule is well settled that wills are to be governed by the law in force at the time of the testator's death, and not by the law in force at the time of their execution: Redfield on Wills, 1–406–7; Wigram on Wills, pt. 2, § 4; *Parker v. Bogardus*, 5 N. Y. 309; *Moultrie v. Hunt*, 23 N. Y. 395; and that the Legislature has power to affect wills previously executed, but which have not taken effect before the passage of the statute, cannot be doubted: *Baptist Union v. Peck*, 10 Mich. 341. A will executed while a statute was in force prohibiting disinheriting children, and invalid under its provisions, was held valid under a new law in force at testator's death, abolishing such restriction: *Hamilton v. Flinn*, 21 Texas, 713; and a somewhat similar case was decided by Judge Story: *Adams v. Wilbur*, 2 Sum. 266. A statute, changing the rule in Shelley's case, was held applicable to a will executed prior to its passage: *Price v. Taylor*, 28 Penn. St. 95. The general rule is also recognized in *re Elcock's Will*, 4 McCord, 39; *Houston v. Houston*, 3 McCord, 491; *Lawrence v. Hebbard*, 1 Bradford, 252; *De Peyster v. Clendining*, 8 Paige, 304; *Bishop v. Bishop*, 4 Hill, 138; *Sherman v. Sherman*, 3 Barb. 385; *Wakefield v. Phelps*, 37 N. H. 295; *Moultrie v. Hunt*, 23 N. Y. 395; also note to this case; same, Am. Law Reg. vol. 1, New Series, p. 165. It may be claimed that there is a departure from this rule in a class of cases arising on statutes now generally in force in all states, changing the old rule that a devise of all the testator's real estate, no matter how broad or comprehensive the language of the will was, only passed the real estate then owned, and did not pass future acquired realty. Some of such cases are *Mullock v. Souder*, 5 Watts & Sergeant, 198; *Gable v. Daub*, 40 Penn. St. 217; *Battle v. Speight*, 9 Iredell, 288. But on an examination of these decisions and the statutes of these states, it will be seen that the question was simply resolved into one of intention, and it might fairly and properly be said that the intention of the testator might be inferred from the well known rule of law in force at the time of execution, and the distinction between such cases, and this, is well expressed, as follows: "A will, so far as form is concerned, would hardly be condemned if it conformed to the law under which it was written. And interpretation must, of course, read as of the time when it was written, but a law would, and does apply irrespective of intention, and takes hold of it only when it goes into effect:" *Price v. Taylor*, 28 Penn. St. 107. But in other states, similar statutes

have been held to apply to wills made before their passage: *Cushing v. Aylwin*, 12 Met. 169; *Pray v. Waterston*, 12 Met. 262; *Loveren v. Lamprey*, 22 N. H. 434; and the case of *Carroll v. Carroll*, 16 How. (U. S.) 280, was decided on the ground that the statute in terms limited its operations to wills made after a certain date. Moreover, to apply this statute to this will is in no sense to give it a retroactive effect. Laws do not have a retroactive effect although they may benefit individuals and the public, unless they prejudice the right of a third person already acquired. The test then of retroactivity is not whether a hope, expectancy or mere inchoate right, but whether a vested right—is impaired or defeated: *Hamilton v. Flinn*, 21 Texas, 716; *Loveren v. Lamprey*, 22 N. H. 434. Here there is no vested interest till testator's death. There is no question of intention or interpretation involved. The question is simply one of power, and the policy of the State having changed from absolute to a limited dominion over personal property, it would seem very strange were this policy to be defeated, simply because of the execution of the will prior to the passage of the statute. Of the right of the State to make such a limitation, there can be no more doubt than of its power to change the laws of descent and inheritance, or abolish dower or curtesy, before the estate or interest becomes vested: *Cooley Const. Lim.* 359, 360–1.

*Isaac Marston*, for appellee:

At time the will was made and published the testator had the power to dispose of his personal estate in such manner as he pleased, subject only to certain allowances to his widow under the first five subdivisions of How. Stat. § 5847; *Miller v. Stepper*, 32 Mich. 194, 202–3.

In the present case each and all of the allowances under those subdivisions have been made, and no question arises in reference thereto; but in addition, the probate court has allowed her one third the residue of the personal property, in accordance with the provisions of the sixth subdivision, and the act of 1881: How. Stat. § 5824. Do the provisions of this act of 1881 apply to the will in question, it having been executed long prior to its passage, although the testator died after the act took effect? The law in this State is well settled that legislative acts are not to receive a retrospective effect, unless the language clearly and explicitly requires it. The act of 1881 does not in terms even attempt to apply to or govern wills previously made. The language

is, "That all dispositions of personal property by last will and testament shall be subject to the following limitations and restrictions." This language does not purport to apply to wills previous-ly made: *Perrin v. Kellogg*, 37 Mich. 316. The danger of permitting it to apply to such wills, even though the testator did not die till after the act took effect, would be very great. Thus, two wills are made by different parties, before the act took effect; one died the day before, the other, the day after the act became operative. Why should the construction, or rather disposition of the property be different? A man makes and publishes his will before the passage of the act, and when it took effect was not of sound mind, or of disposing memory, or was dangerously sick; or after his will, went abroad to travel and died while away or on entering the State on his return. In all these cases a great wrong would be done by applying this act to such wills. The fact that the testator, in this case, lived a number of years after the law took effect, can make no difference. While all men are presumed to know the law on grounds of public policy, there is no presumption that every person *does know* the law, and it would be contrary to reason and common sense if there were : *Black v. Ward*, 27 Mich. 200,1 ; *Martindale v. Warner*, 15 Penn. St. 480 ; *Battle v. Speight*, 9 Iredell, 288 ; *Carroll v. Carroll's Lessee*, 16 How. 280 ; *Baptist Miss. &c. v. Peck*, 10 Mich. 342 ; *Jones v. Ogle*, 8 Ch. App. cases, 194. Counsel cited following cases as to effect of similar statutes: *Ashburnham v. Bradshaw*, 2 Atkyns, 36 ; *Att'y Gen. v. Andrews*, 1 Vesey, Sr. 225 ; *Salter v. Bryan*, 4 Iredell, [N. C.] 494 ; *Battle v. Speight*, 9 Iredell, 288 ; *Williams v. Davis*, 12 Id. 21 ; *Mullen v. McKelvy*, 5 Watts, 399 ; *Mullock v. Souder*, 5 W. & S. 198 ; *Att'y Gen. v. Lloyd*, 3 Atk. 551 ; *Hoffman v. Hoffman*, 26 Ala. 535.

CAMPBELL, C. J. William Smith made a will in 1871, and died in June, 1883, leaving a widow, without children, and several children by a former wife. His last marriage was in 1864. Just before, and without, so far as appears, the knowledge of his intended wife, he conveyed his farm to his children, but the deed, if previously delivered, was kept off from the record until about five weeks before his death, and he and his wife occupied it during the nearly twenty years of their married life, as a homestead.

By his will he left his wife $1,000, in lieu of dower, and the residue to his children. It does not appear that he had any other land. After the estate was ready for distribution, there remained, beyond this legacy and statutory allowances, $1,788. Of this the widow claimed and was allowed one-half, as in case of intestacy. John L. Smith appealed to the Wayne circuit, where her claim was disallowed, and she now comes into this Court to be restored to the probate allowance.

Her claim is under sections 5824 and 5825 of Howell's Statutes, being the amendatory act of 1881, entitled "An act to restrict the disposition of personal property by last will." That statute enacts in substance, that all testamentary disposals of personalty shall be subject to the limitations :

1. That if a testator leaves a wife surviving, the testamentary disposition shall be subject to her election to take the interest given by will, or to take, as in case of intestacy, up to $5,000, and half of an intestate share beyond that. In case there is no provision for her in the will, she is to have the same election.

2. If any special devise or bequest is made to her in lieu of any particular thing or particular interest to which she would be entitled in case of intestacy, her election to take either this special testamentary provision, or the thing in lieu of which it is given, "shall not deprive the party electing, or any other person, of the right to leave the testamentary disposition of property in all other respects unaffected and unimpaired; and to have the benefit of any other provisions therein, the same as he or she would have had if this act had not been passed."

This will disposed of personal property, and, so far as appears, of nothing else except by the residuary bequests to the children. The widow's bequest was very clearly a bequest of personalty. By the old law, if a widow elected to claim her dower, she lost, usually, all claim to personalty as well as realty devised or bequeathed. She was not entitled to waive any provision of the will without waiving all, unless the will itself so provided. This statute came in to enlarge her rights by enabling her to elect as to personalty as well as realty. But there is nothing in this statute which

gives her the right to claim a bequest of personalty, and, at the same time, claim an interest as by intestacy. If she claims a bequest of personalty, the will stands as to the other bequests. By the second clause of the statute it is provided that where she has an election between taking a specific thing and a bequest in lieu of it, such election shall not affect any other testamentary provision in favor of such party, or of any other person. But in the present case the only bequest made to her is the one in lieu of dower, and while she could take or not take that at her pleasure, she cannot take that bequest and claim anything else which is not bequeathed. The other testamentary clauses, which the statute says shall be left unaffected, are the residuary bequests to the children.

As the land conveyed in 1864, if that conveyance is valid, formed no part of her husband's estate, the question whether the legacy in lieu of dower would affect her rights, if she had any, to complain of the secret conveyance, is not before us. The only question for us to decide is whether she can claim the legacy and, at the same time, share in personalty as by intestacy. In our opinion she cannot. As the question is a new one, and seems to have been dealt with on both sides on what we deem to be a misapprehension of the statute, we shall, in affirming the judgment of the circuit court, leave the parties to pay their own costs.

The other Justices concurred.