## In re BLOSS' ESTATE.

WILLS—STATUTE OF DISTRIBUTIONS—WIDOW'S ELECTION.

Prior to 1881, if the widow of a deceased testator elected to claim dower under the statute, she lost, usually, all claim to personalty, as well as realty, devised or bequeathed. In 1881 the legislature provided (2 How. Stat. § 5824) that the testamentary disposition of personalty should be subject to the election of the wife to take, in lieu of the interest given to her in the will, the share that would have passed to her under the statute of distributions if the testator had died intestate, until such share should amount to $5,000, etc., and that an election by the wife to take any special devise or bequest made to her in lieu of any particular interest to which she might have been entitled in case of intestacy, or to take the particular interest in lieu of which it was given, should not deprive her of the right to leave the testamentary disposition of the property in all other respects unaffected. *Held,* that the statute does not empower the widow to make cross elections, accepting the terms of the will as to realty and refusing its terms as to personalty, but merely gives her a distributive share of the personalty where she elects against the will.

Error to Macomb; Eldredge, J. Submitted June 8, 1897. Decided September 14, 1897.

Martha Crawford appealed from an order of the probate court allowing the account of the executor of the last will and testament of Lafurgy Bloss, deceased, and assigning to the widow realty under the will and one-half the residue of the personalty under the statute. The order was affirmed in the circuit court, and appellant brings error. Reversed.

*Byron R. Erskine,* for appellant.
*Crocker & Knight,* for appellee.

Long, C. J.    Lafurgy Bloss died July 1, 1894, leaving a widow, daughter, and grandson.   By his last will the widow was given a life estate in a five-acre homestead and a life use of one-third of all other realty and personalty.   The will was duly probated, and within one year therefrom the widow elected to take her share of the personalty under the statute, waiving the provisions of the will as to that, and by the same instrument she affirmed the disposition of the realty by the will.   On a hearing in the probate, as well as in the circuit court on appeal, she was sustained in her contention that she might make such an election.   From this decision the daughter, Martha Crawford, appeals.

Sections 5750, 5751, 2 How. Stat., provide for an election by the widow within one year to take her dower in the lands under the statute, and that, unless such election is made within one year after the death of the husband, she shall be deemed to have elected to take under the will. This statute has been in force for many years in this State. In 1881 the legislature passed an act entitled "An act to restrict the disposition of personal property by last will." Act No. 18, Pub. Acts 1881 (2 How. Stat. § 5824).   Section 1 of that act provides:

"*First*.  If the testator shall leave surviving him a wife, the testamentary disposition shall be subject to the election of such wife to take any interest that may be given to her by the testator in his last will and testament, or, in lieu thereof, to take the sum or share that would have passed to her under the statute of distributions had the testator died intestate, until the sum shall amount to $5,000, and of the residue of the estate one-half the sum or share that would have passed to her under the statute of distributions had the testator died intestate; and in case no provision be made for her in said will, she shall be entitled to the election aforesaid.

"*Second*.  If, by any will, any special devise or bequest is made to the wife in lieu of any particular thing or any particular interest to which such wife might be entitled in case of intestacy, the election by the wife to take the special devise or bequest, or the other particular thing or interest in lieu of which it is given, shall not deprive the

party electing, or any other person, of the right to leave the testamentary disposition of property in all other respects unaffected and unimpaired, and to have the benefit of any other provisions therein the same as he or she would have had if this act had not been passed."

Mr. Justice CAMPBELL, in *Re Smith*, 60 Mich. 141, speaking of the amendatory statute of 1881, said:

"By the old law, if a widow elected to claim her dower, she lost, usually, all claim to personalty, as well as realty, devised or bequeathed. She was not entitled to waive any provision of the will, without waiving all, unless the will itself so provided. This statute came in to enlarge her rights, by enabling her to elect as to personalty, as well as realty. But there is nothing in this statute which gives her the right to claim a bequest of personalty, and at the same time claim an interest as by intestacy. If she claims a bequest of personalty, the will stands as to the other bequests. * * * But in the present case the only bequest made to her is the one in lieu of dower; and while she could take or not take that, at her pleasure, she cannot take that bequest, and claim anything else which is not bequeathed. The other testamentary clauses which the statute says shall be left unaffected are the residuary bequests to the children."

It is apparent that, as the law stood in this State prior to the amendatory act of 1881, if the widow elected to claim her dower, she lost, usually, all claim to personalty, as well as realty, devised or bequeathed. The act of 1881 was passed to remedy this, and provide for an election as to personalty, as well as realty; so that, when a widow should elect to take against the will, she would take her dower and her share of personalty given by the statute. By the ruling of the court below in this case, the widow is permitted to make cross elections; that is, she may approve of the action of the testator in devising her the realty, and at the same time refuse the terms given by the testator as to personalty,—in other words, she is permitted to accept the terms of the will in one part, because more favorable, and refuse to be bound by the other, because against her interest. We think this stat-

ute cannot be so construed. Prior to the act of 1881, the widow was cut off from a distributive share of personalty whenever she declined to take under the will, under subdivision 6, § 5847, 2 How. Stat., where the testator had bequeathed all his personal estate to others. *Miller* v. *Stepper*, 32 Mich. 194. Under the act of 1881, the widow may now decline to take under the will, and have the benefit of those provisions of the statute, the same as she may decline to take the realty devised by the will, and take her dower interest under the statute. But she cannot make cross elections. In the construction of wills the duty of the court is to give full and complete effect to the testator's intention. It was the intention of the testator to give the widow this five acres of land for life, and a dower interest in all the residue of the realty. He then provided how the personalty should be distributed, and very likely he was influenced to give her less personalty than the statute provided by reason of the devise to her of the realty, which was more than the statute would have allowed her. The statute should not be extended by construction beyond the mischief sought to be remedied in the then existing law, as pointed out in *Re Smith, supra*. It was said in *Herbert* v. *Wren*, 7 Cranch, 378:

"It is a maxim in a court of equity not to permit the same person to hold under and against a will. If, therefore, it be manifest from the face of the will that the testator did not intend the provision it contains for his widow to be in addition to her dower, but to be in lieu of it, if his intention, discovered in other parts of the will, must be defeated by the allotment of dower to the widow, she must renounce either her dower or the benefit she claims under the will."

Lord Selborne, in *Codrington* v. *Lindsay*, 8 Ch. App. 587, quoting from Lord Redesdale in *Birmingham* v. *Kirwan*, 2 Schoales & L. 444, says:

"The general rule is that a person cannot accept and reject the same instrument; and this is the foundation of the law of election, on which courts of equity particularly

have grounded a variety of decisions in cases both of deeds and of wills, though principally in cases of wills."

We think the court below was in error in its ruling.

There is a stipulation in the record that if this court is of the opinion that the widow cannot take under the will as to the realty, and against the will as to personalty, she may be deemed to have taken under the statute as to both. The judgment below must be reversed, and a judgment will be entered here in accordance with such stipulation. The appellant will recover her costs of both courts.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.