KOSTER *v.* GELLEN.

|124   149|
|142   ³308|

1. WILLS—DEVISE TO WIFE—ELECTION—WAIVER OF DOWER.

Under 3 Comp. Laws 1897, § 8936, providing that, when a widow shall be entitled to elect whether to take under the will or be endowed of the lands of her husband, she shall be deemed to have elected to take under the will, unless, within one year after the husband's death, she shall commence proceedings for the assignment or recovery of her dower, a widow, by failing to commence such proceedings within one year after her husband's death, and by petitioning the probate court to proceed under the will, and allow her a reasonable sum instead of her dower, in accordance with the terms of the will, waives her right to dower.

2. Same—Homestead—Estoppel to Claim.
   Where a widow, without children, elects to take under the will, which provides for a sale of the real estate, and a payment to her in cash in lieu of dower, and petitions the court to proceed under the will, which is done, she is not estopped from setting up the homestead interest granted by Const. art. 16, § 4, providing that, if the owner of a homestead die, leaving a widow, but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during widowhood, unless she be the owner of a homestead in her own right.

3. Homestead—Solvency of Estate—Rights of Widow.
   Under the constitutional provision cited, the homestead right attaches, irrespective of whether the estate is solvent or otherwise.

Case made from Kent; Adsit, J. Submitted April 13, 1900. Decided May 15, 1900.

Ejectment by Anna Koster against Catherine Gellen. There was a judgment for defendant, and plaintiff assigns error. Affirmed.

*Smedley & Corwin*, for appellant.

*Stuart & Barker*, for appellee.

Long, J. This is an action of ejectment. The premises in controversy belonged to John Gellen in his lifetime, and were occupied as a homestead by him and his wife, the defendant. He died in October, 1895, leaving a last will and testament, which was duly probated. By the will Peter Braun was appointed executor of the estate. The will directed that the executor should sell and dispose of all the real estate of the deceased, and that the executor should pay out of the estate all the debts of the deceased, and should also pay the widow of the deceased such sum or amount as might be agreed upon between the executor and the widow in lieu of her dower interest, "and, in case of disagreement, such sum or amount as the court may direct." It appears that the executor and the widow

could not agree upon the amount the widow should receive in lieu of her dower interest, and thereupon the executor filed a petition in the probate court, asking the court to fix the amount he should pay said widow in lieu of her dower right, according to the terms of said will. At the same time the widow petitioned the probate court for the same purpose. The prayer of her petition reads as follows:

"Your petitioner therefore asks the court to proceed under the provisions of the will above cited, and allow your petitioner a reasonable sum out of said estate, instead of her dower interest, but to be in lieu thereof."

The probate court heard both petitions as one, and made a decree which provides:

"That said Catherine Gellen be allowed the sum of one hundred and ninety-six and forty-three hundredths dollars in lieu of her dower interest in the real estate of said deceased, and that the executor pay the same to her accordingly."

The executor tendered her the amount fixed by the decree, which she refused to accept, claiming that it was not enough for her dower interest. No appeal, however, was taken from this decree. The executor, after advertising according to law, sold the premises in controversy here at public sale by virtue of the power given him by the will, and the plaintiff became the purchaser thereof, and received the executor's deed therefor. Written demand was served by the plaintiff upon defendant for possession of the premises before suit was commenced. The defendant has occupied the premises ever since the death of her husband as her homestead, and still occupies and claims them as such, and avers that she has no other homestead. December 14, 1896, plaintiff commenced proceedings against defendant before a circuit court commissioner, under 3 Comp. Laws 1897, § 11164 *et seq.*, for the purpose of obtaining possession of these premises and other lands. The defendant, in her plea before the commissioner, claimed the premises as her homestead.

The commissioner decided that the plaintiff was entitled to that part of the premises not occupied by defendant as a homestead, but was not entitled to a judgment for that part which was occupied by defendant as her homestead. No appeal was taken by either party from this judgment. The widow took no proceedings for the assignment or recovery of her dower, as provided by 3 Comp. Laws 1897, §§ 8935, 8936. On these facts the court below found, as a conclusion of law, that the defendant was entitled to the premises as and for a homestead so long as she remained the widow of John Gellen. Plaintiff assigns error.

It is now contended by counsel for plaintiff:

1. That the defendant, by failing to commence proceedings for the assignment or recovery of her dower within one year after the death of her husband, as provided by statute, and by petitioning the probate court to proceed under the provisions of the will, and allow her a reasonable sum out of the estate, instead of her dower interest, in lieu thereof, has waived her right to dower under the statute, and has elected to take under the will. In this, we think, counsel for plaintiff are correct. *In re Smith's Estate*, 60 Mich. 142 (27 N. W. 80); *In re Bloss' Estate*, 114 Mich. 204 (72 N. W. 148). The statute provides:

"If any lands be devised to a woman, or other provision be made for her in the will of her husband, she shall make her election whether she will take the lands so devised or the provision so made, or whether she will be endowed of the lands of her husband; but she shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator." 3 Comp. Laws 1897, § 8935.

"When a widow shall be entitled to an election under either of the two last preceding sections, she shall be deemed to have elected to take such jointure, devise, or other provision, unless, within one year after the death of her husband, she shall commence proceedings for the assignment or recovery of her dower." Id. § 8936.

2. It is contended that, the estate being solvent, no homestead right attached in favor of the widow in this

piece of land. The argument of counsel is that the widow has elected to take under the will, and the will provides for a sale of the premises, and a payment to her in cash in lieu of her dower; that the executor has proceeded under the power of sale contained in the will, and sold the premises, and the purchaser is seeking to obtain possession of the property in an action of ejectment under the executor's deed; that the estate was solvent, and all the debts paid before the executor sold the land; that the executor did not sell the land in order to pay debts, but sold it in pursuance of the provisions of the will, which directed him to sell and dispose of all the real estate of said deceased; that defendant now seeks to hold possession of the house and lot in question as a homestead. It is the contention that, under such circumstances, no homestead right attaches in favor of the widow in the piece of land. Counsel cite in support of this contention: *Zoellner* v. *Zoellner*, 53 Mich. 624 (19 N. W. 556); *Patterson* v. *Patterson*, 49 Mich. 176 (13 N. W. 504); *Robinson* v. *Baker*, 47 Mich. 619 (11 N. W. 410).

The constitutional provisions relative to homestead rights (article 16, §§ 2–4) are as follows:

"SEC. 2. Every homestead of not exceeding forty acres of land, and the dwelling-house thereon, and the appurtenances, to be selected by the owner thereof, and not included in any town plat, city, or village, or instead thereof, at the option of the owner, any lot in any city, village, or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling-house thereon, and its appurtenances, owned and occupied by any resident of the State, not exceeding in value fifteen hundred dollars, shall be exempt from forced sale on execution, or any other final process from a court, for any debt contracted after the adoption of this Constitution. Such exemption shall not extend to any mortgage thereon lawfully obtained; but such mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same.

"SEC. 3. The homestead of a family, after the death of the owner thereof, shall be exempt from the payment of

his debts contracted after the adoption of this Constitution, in all cases, during the minority of his children.

"SEC. 4. If the owner of a homestead die, leaving a widow, but no children, the same shall be exempt, and the rents and profits thereof shall accrue to her benefit during the time of her widowhood, unless she be the owner of a homestead in her own right."

In each of the above cases cited by counsel for plaintiff there were children having interests in the property in controversy. In *Robinson* v. *Baker, supra,* a bill was filed for partition by one who had purchased the interest of one of the children. The deceased owner of the land left a widow and three children surviving him. The land in question consisted of a quarter section and two village lots. One of the village lots was occupied by the deceased as a homestead prior to his death, and the widow continued to occupy it as a homestead. It was held that the statutes and constitutional provisions did not preclude proceedings for partition as between the heirs at law or their assigns; that in making such partition, where there is a homestead and also other lands, if there is a widow with a right of dower, she should have her dower and homestead right saved to her in the homestead land whenever it can be done consistently with justice. In *Patterson* v. *Patterson, supra,* it appeared that Patterson died, leaving surviving him two adult children and three infant children, besides his widow, who was the mother of two of the infant children. The widow was occupying the dwelling-house upon the farm, and claimed a homestead in the dwelling-house and 40 acres of land, of which she was in possession with her children. It appeared that one of the adult children had harvested and carried off the crop from this land claimed as a homestead. The widow sued in trespass. It was held that the constitutional provisions which protect homestead rights in Michigan are strictly exemptions, and give the right only as against the creditors, and that the statutes have not enlarged it. It was also held that adult heirs residing away from home cannot disturb an existing possession in

the widow while the estate is in process of settlement; that the heirs can claim no distinct part until partition actually made. In *Zoellner* v. *Zoellner, supra,* the bill was filed by the two minor children for partition. It was said:

"The case presents some novel questions. Unless there are creditors at the time the owner of a homestead dies, and the estate, aside from such homestead, is insolvent, no homestead right attaches in favor of the widow or children, and the premises pass at once to the heirs, subject to the widow's right of dower. Here the widow claims a homestead. She is the only creditor. Were it not for her claim as a creditor of the estate, it would descend immediately to the heirs of the deceased."

It will be seen that none of these cases comes within the provisions of section 4, art. 16, of the Constitution, above quoted. In that section provision is made for the widow when no children are left surviving the deceased. Our statutes in case of intestacy have also made better provision for the widow in such cases than where children are left surviving. In case no children are living at the death of the intestate, then of the lands the widow takes one-half in fee in lieu of dower.

As we have seen, the widow has elected to take under the will, and therefore the question of her dower interest is disposed of; but she also had a homestead interest in this property, which is described as the N. $\frac{1}{2}$ of the E. $\frac{1}{2}$ of lots 5 and 7, Jefferson street, Scribner's addition to the city of Grand Rapids, being 66 feet wide and 66 feet deep, with the dwelling-house thereon. The widow had a dower interest in these premises as above described. She also had a homestead interest in them, which was in no manner affected by the disposition made of her dower interest. Under section 4, art. 16, of the Constitution, she is entitled to this homestead interest so long as she remains the widow of the testator, as it appears that she has no other homestead. The petition for the sale of the dower interest cannot estop her from setting up a claim to the homestead interest. In *Showers* v. *Robinson,* 43 Mich.

502 (5 N. W. 988), it was held that a widow is not estopped from claiming a homestead in land by the fact that she desired its sale for the payment of debts, and requested a party to buy the land, and received from the proceeds the amount of a claim allowed in her favor; that it must be presumed that the sale the widow desired was a sale subject to the homestead. We think, in the present case, neither the widow, nor any one else connected with the property, expected her homestead interest was to be sold; nor is it claimed that it was sold, but the claim is that, under the circumstances, she is estopped from setting it up. We think not. The property was valued at $1,400, and it was sold by the executor for $975; yet all the widow received from it was $196.43. Under the statute she was entitled to one-half of it in fee, aside from her homestead interest in the whole.

The court found from these facts that the plaintiff was not entitled to recover. The other questions need not be considered. The judgment must be affirmed.

The other Justices concurred.