## STEARNS v. PERRIN.

1. STATUTE OF DESCENT—WILLS—WIDOW'S ELECTION.
    A widow of a testator dying without issue, who elects under
    3 Comp. Laws, § 8935, to take under the statute, rather than
    under the will, becomes entitled to the dower interest in his
    lands provided by 3 Comp. Laws, § 8918, and not to the one-
    half interest in his lands provided by the statute of descent.

2. DOWER—REAL ESTATE.
    Dower is a life estate attaching to one-third of the real estate,
    and has no reference to personal property.

3. INHERITANCE—WILLS—HUSBAND AND WIFE.
    A husband may by will cut off his wife from the benefit of the
    statute of descent.

Appeal from Kalamazoo; Adams, J.  Submitted April
8, 1902.  (Docket No. 10.)  Decided May 8, 1902.

Bill by Allan M. Stearns, executor of the last will and
testament of Joel J. Perrin, deceased, against Semira
Mary Perrin and others, to determine the title to certain
lands.  From an adverse decree, defendant Semira Mary
Perrin appeals.  Affirmed.

*Dallas Boudeman* and *Allan M. Stearns*, for com-
plainant.

*Howard, Roos & Howard*, for appellant.

HOOKER, C. J.  Semira Mary Perrin is the widow of
Joel J. Perrin, who died without issue.  His will pro-
vided that his wife, Semira, should have all the household
property, horses, carriages, etc., $20,000 in cash and mort-
gages, and the use during her natural life of his home-
stead in Kalamazoo, appraised at $16,000, and a store prop-
erty on Main street, in said city, appraised at $16,000; and '
a provision was inserted in the will that these provisions
to Mrs. Perrin should, if accepted, be in full of all dower

rights and in full of all her rights in the property of the deceased. Substantially all the residue of his estate was willed to his kindred. The estate inventoried:

| | |
|---|---:|
| Real Estate | $100,250 00 |
| Personal estate | 133,116 77 |
| | |
| Total | $233,366 77 |

The widow filed in probate court her election to take under the statute, rather than under the will, and claimed that she was entitled to one-half of the real estate of the deceased in fee, under the statute of descent of real property (3 Comp. Laws, § 9064), which provides that:

"SECTION 1. *The People of the State of Michigan enact:* When any person shall die seised of any lands, tenements, or hereditaments, or of any right thereto, or entitled to any interest therein, in fee simple or for the life of another, not having lawfully devised the same, they shall descend, subject to his debts, in the following manner."

Subdivision 2 provides that:

"If the intestate shall leave a husband or widow, and no issue, one-half of the estate of such intestate shall descend to such husband or widow. * * * The provision herein made for the widow shall be in lieu of dower, unless she shall, within one year after the appointment of an administrator of the estate of the intestate, begin proceedings for the assignment to her of dower in the intestate's estate, in which case her interest in such real estate shall be limited to her dower therein, and the residue of such estate shall then descend as herein provided for the portion thereof not taken by such widow."

The executor was in doubt as to the validity of this claim, and has filed the bill in this cause to settle the widow's right under her election. His contention is that a husband has the right to dispose of his property by will, and may thereby prevent the application of the statute of descent, and that the wife has no greater immunity, under the statute of descent, from having her inheritance forestalled and taken from her by a will, than any other person entitled to inherit thereunder.

The right to dower rests upon 3 Comp. Laws, § 8918, which provides that:

"The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof."

And section 8935 provides that:

"If any lands be devised to a woman or other provision be made for her in the will of her husband, she shall make her election whether she will take the lands so devised or the provision so made, or whether she will be endowed of the lands of her husband; but she shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator."

His claim is that, while the widow might lawfully decline to take under the will, she did not thereby become entitled to the share which, in the absence of a will, she could claim under the statute of descent, but only to her statutory right of dower, which would be the use of one-third of the real estate during her life. We understand that this raises the only question in the case, the personal property not being in controversy. The learned circuit judge sustained the contention of the executor, and the widow has appealed.

By the provision of section 9064, subd. 2, a widow may, under some circumstances, inherit half of the husband's lands if he dies intestate; but this inheritance is in lieu of dower, and will be cut off if she shall choose to take proceedings to recover her dower. The only object of reserving to her the right of election in the case that suggests itself is protection against loss arising from her husband's debts, to which anything that she may inherit is subject, while her dower right and statutory allowances are not affected by this. The power of a husband to defeat an inheritance by will is not limited. He may cut off his issue from the benefits of the statute of descent, and his wife is subject to similar treatment, unless we are to say

that the legislature intended an exception in her case. He cannot compel her to accept under the will, but, if she does not, she must content herself with being "endowed of her husband's lands." What is meant by being endowed of the lands of her husband is indicated by the further provision, viz., "But she shall not be entitled to both, unless it plainly appears by the will to have been so intended by the testator." This recognizes that the husband may choose to make a provision for her in addition to that called "endowment of his lands," and to our minds indicates that such endowment is the provision made by law by way of dower, and not that made by the statute of descent. Dower has a settled meaning. It is a life estate, and both at common law and by statute attaches to one-third of the real estate, and has no reference to personal property.

Counsel for the defendant urge upon us the broad definition of dower,—i. e., "the provision which the law makes for a widow, out of the lands or tenements of her husband, for her support and the nurture of her children,"—and insist that any provision that the law may make for her from her husband's estate is dower under this definition. It is possible to say so, but, if we do, it is an enlargement of a well-settled legal term, and might be said to extend to personal property as well as real. We are bound by statute to interpret the words of legislative enactments according to their settled meaning, unless an intent to give them another meaning is obvious. The case cited by counsel of *Hendrick* v. *Cleaveland*, 2 Vt. 329, supports this view; also *Billings* v. *People*, 189 Ill. 472 (59 N. E. 798). The question has never been distinctly raised in Michigan until now, but the cases of *Miller* v. *Stepper*, 32 Mich. 201, and *In re Bloss' Estate*, 114 Mich. 204 (72 N. W. 148), are, in our opinion, indicative that the views expressed are in harmony with the opinions heretofore entertained by the court upon the subject.

The decree is affirmed, with expenses of both courts to the executor, payable from the estate.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.